**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| PAMELA HAMMACK,<br><br>Plaintiff,<br><br>v.<br><br>BIOLIFE PLASMA SERVICES, L.P.,<br><br>Defendant. | Case No. 4:26-cv-01800<br><br>(Removed from the Circuit Court of St. Charles County, Missouri, Eleventh Judicial Circuit, Case No. 2611-CC00773)<br><br>**JURY TRIAL DEMANDED** |

# DEFENDANT BIOLIFE PLASMA SERVICES, L.P.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant BioLife Plasma Services, L.P. ("BioLife") hereby gives notice of the removal of the action captioned *Pamela Hammack v. BioLife Plasma Services, L.P.*, Case No. 2611-CC00773, from the Circuit Court of St. Charles County, Missouri, Eleventh Judicial Circuit (the "State Court Action"), to the United States District Court for the Eastern District of Missouri, Eastern Division.[1]

Removal is proper under 28 U.S.C. § 1441(a) because this Court has original diversity jurisdiction: the parties are citizens of different States, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1). In support of this Notice of Removal, BioLife states the following:

## I. FACTUAL AND PROCEDURAL BACKGROUND.

1. On June 4, 2026, Plaintiff Pamela Hammack ("Plaintiff") commenced the State Court Action by filing a petition in the Circuit Court of St. Charles County, Missouri (the "Original Petition" or "Pet."). The Original Petition misnamed the defendant as "BioLife Plasma Services,

[1] By removing this action, BioLife does not waive, and expressly reserves, all defenses, objections, and motions available to it under state or federal law. Nothing in this Notice of Removal is an admission of any allegation in the Amended Petition or of any liability or damages.

LLC." Pet. at 1. The Original Petition nevertheless directed service to BioLife's registered agent, CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, Missouri 65101. *Id.*

2. On September 29, 2026, Plaintiff filed her First Amended Petition (the "Amended Petition" or "Am. Pet."). The Amended Petition corrects the misnomer by naming the defendant by its correct legal name, "BioLife Plasma Services, L.P.," and directs service to the same registered agent. Am. Pet. at 1. Apart from the defendant's name and the addition of the state-court case number, the Amended Petition's allegations are substantively identical to those of the Original Petition. *Compare* Pet. ¶¶ 1–12, *with* Am. Pet. ¶¶ 1–12.

3. A copy of all process, pleadings, orders, and other documents on file in the State Court Action, including the Original Petition, the Amended Petition, and the state court's docket sheet, is attached as **Exhibit A**. *See* 28 U.S.C. § 1446(a); E.D. Mo. L.R. 2.03.

4. The Amended Petition asserts a single count against BioLife, captioned "Negligence and Premises Liability." Am. Pet., Count I.[2] Plaintiff alleges that on February 9, 2022, she had an appointment at BioLife; that, as she exited her truck, her right foot made contact with ice that had accumulated on the parking lot from melting snow; and that, as her foot slid on the ice, "she fell, striking her head on her truck and landing on her left shoulder." Am. Pet. ¶¶ 4–7. Plaintiff further alleges that she lay on the ground "for a few minutes" before she was able to "roll to all fours and get to a standing position." *Id.* ¶ 8.

5. Plaintiff alleges that, as a direct and proximate result of BioLife's alleged

[2] Both the Original Petition and the Amended Petition repeat certain paragraph numbers: each contains two paragraphs numbered 7 and two sequences of paragraphs numbered 10 through 12. For clarity, BioLife cites the second sequence of paragraphs 10 through 12 by page and as the "second" paragraph of that number.

negligence, she "suffered a concussion, left shoulder and neck injury, has suffered severe physical pain and mental anguish and continues to suffer pain and complications from her injuries." Am. Pet. at 3 (second ¶ 11). Plaintiff also alleges that she "continues to suffer from the injuries, and will continue to suffer from said injuries into the future, said injuries being permanent, disabling, and progressive." *Id.* at 3–4 (second ¶ 12).

6. Plaintiff prays for judgment against BioLife "for such sums as are reasonable and necessary to compensate her for all the above injuries, physical pain and suffering, for pre and post judgment interest, for the costs incurred herein, and for such other and further relief as the Court deems just and proper under the circumstances." Am. Pet. at 4. Plaintiff demands a jury trial. *Id.*

## II. THIS NOTICE OF REMOVAL IS TIMELY.

7. BioLife, although misnamed in the Original Petition as "BioLife Plasma Services, LLC," was served with the Summons and Original Petition through its registered agent, CSC-Lawyers Incorporating Service Company, on September 18, 2026. *See* Ex. A.

8. There is no separate entity named "BioLife Plasma Services, LLC" that is a party to this action. The Original Petition's use of that name was a misnomer for BioLife, the entity that operates the St. Peters facility identified in both petitions, and the Amended Petition corrected the misnomer without adding or substituting a party. *Compare* Pet. at 1 & ¶ 2, with Am. Pet. at 1 & ¶ 2. BioLife is therefore the only defendant in the State Court Action.

9. A notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). The thirtieth day after service on September 18, 2026, fell on Sunday, October 18, 2026, so the period continued to run until Monday, October 19, 2026. Fed. R. Civ. P. 6(a)(1)(C). This Notice of Removal is filed within

that period and is therefore timely.

10. Removal is timely for an additional reason, which applies regardless of whether the 30-day period is measured from service of the Original Petition or of the Amended Petition. Under Eighth Circuit precedent, a Missouri state-court petition that seeks an unspecified amount of damages does not establish that the amount in controversy exceeds the jurisdictional minimum, and service of such a petition does not start the 30-day period for removal. *See Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 974 (8th Cir. 2011); *see also Tate v. Charter Commc'ns LLC*, No. 4:19-CV-2482 CAS, 2019 WL 5727384, at *2 (E.D. Mo. Nov. 5, 2019). Neither the Original Petition nor the Amended Petition states a specific amount of damages. Pet. at 4; Am. Pet. at 4.

11. This Notice of Removal is also filed within one year after the commencement of the State Court Action on June 4, 2026, and removal therefore is not barred by the one-year limit on removal of diversity cases. See 28 U.S.C. § 1446(c)(1).

## III. THIS COURT HAS ORIGINAL JURISDICTION UNDER 28 U.S.C. § 1332.

12. "[T]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a)(1). Such an action, when "brought in a State court," "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). As shown below, both requirements for diversity jurisdiction—complete diversity of citizenship and the requisite amount in controversy—are satisfied.

### A. Complete Diversity of Citizenship Exists.

13. **Plaintiff Pamela Hammack**. The Amended Petition alleges that, "[a]t all times relevant to this petition, plaintiff Pamela Hammack . . . was a resident of Warrenton, Missouri."

Am. Pet. ¶ 1. Upon information and belief, Plaintiff was domiciled in the State of Missouri at the time the State Court Action was commenced and at the time of removal, and she is therefore a citizen of Missouri for purposes of diversity jurisdiction.

14. **Defendant BioLife Plasma Services, L.P.** Both petitions allege that the defendant "was a Missouri corporation with its principal place of business located at 8484 Mexico Road, St. Peters, Missouri 63376." Pet. ¶ 2; Am. Pet. ¶ 2. That allegation is incorrect. BioLife is neither a corporation nor a limited liability company, and it is not organized under the laws of Missouri. BioLife is a limited partnership organized under the laws of the Commonwealth of Pennsylvania.

15. BioLife is a limited partnership rather than a corporation, so the corporate-citizenship rule does not govern its citizenship. *See* 28 U.S.C. § 1332(c)(1). Instead, diversity jurisdiction in a suit against a limited partnership "depends on the citizenship of 'all the members,'" including each of its general and limited partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) (quoting *Chapman v. Barney*, 129 U.S. 677, 682 (1889)). The location of any facility that BioLife operates, including the St. Peters address alleged in both petitions, does not determine BioLife's citizenship.

16. BioLife's partners are BioLife Plasma L.L.C. and Baxalta US Inc.

17. BioLife Plasma L.L.C. is a limited liability company with a single member, Baxalta US Inc. A limited liability company's citizenship, for purposes of diversity jurisdiction, is the citizenship of its members. *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).

18. Baxalta US Inc. is a Delaware corporation with its principal place of business in Bannockburn, Illinois. A corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal

place of business." 28 U.S.C. § 1332(c)(1). Baxalta US Inc. is therefore a citizen of Delaware and Illinois.

19. Accordingly, BioLife Plasma L.L.C. is a citizen of Delaware and Illinois, and BioLife—whose partners are BioLife Plasma L.L.C. and Baxalta US Inc.—is likewise a citizen of Delaware and Illinois. BioLife was a citizen of Delaware and Illinois, and was not a citizen of Missouri, both at the time the State Court Action was commenced and at the time of removal.

20. Plaintiff is a citizen of Missouri, and BioLife is a citizen of Delaware and Illinois. Complete diversity of citizenship therefore exists. 28 U.S.C. § 1332(a)(1).

**B. The Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs.**

21. Neither petition demands a specific sum. Pet. at 4; Am. Pet. at 4. Missouri's rules provide that "in actions for damages based upon an alleged tort, no dollar amount shall be included in the demand except to determine the proper jurisdictional authority, but the prayer shall be for such damages as are fair and reasonable." Mo. Sup. Ct. R. 55.05; *see also* Mo. Sup. Ct. R. 55.19. Where, as here, "the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," "the notice of removal may assert the amount in controversy," and removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(A)(ii), (B).

22. The removing party must establish the amount in controversy by a preponderance of the evidence, and that standard applies regardless of whether "the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009) (quoting *In re Minn. Mut. Life Ins. Co. Sales Pracs. Litig.*, 346 F.3d 830, 834 (8th Cir. 2003)). Under that standard, "[t]he jurisdictional fact . . . is not whether the

damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are." *Id.* at 959 (emphasis omitted) (quoting *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)); accord *Turntine v. Peterson*, 959 F.3d 873, 881 (8th Cir. 2020). Unliquidated damages need not be proven "in some specific amount" before trial. *Kopp*, 280 F.3d at 885.

23. "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Bell*, 557 F.3d at 956. To meet that standard, a plaintiff must show that the jurisdictional amount could not be recovered "as a matter of law" or that "no reasonable jury could award damages totaling more than $75,000 in the circumstances that the case presents." *Turntine*, 959 F.3d at 881 (quoting *Kopp*, 280 F.3d at 885); *see also Merritt v. Safeco Ins. Co. of Ill.*, No. 4:24CV1368 PLC, 2024 WL 7005349, at *2 (E.D. Mo. Dec. 6, 2024) (citing *Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013)) (explaining that the plaintiff must demonstrate that recovery of the jurisdictional amount is legally impossible, not just "highly improbable").

24. The amount in controversy "is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Turntine*, 959 F.3d at 880 (quoting *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993)). The requirement may be established by "specific factual allegations . . . combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations," and a court may "employ[] its judicial experience or common sense" in assessing whether the jurisdictional fact is present. *Id.* at 881 (first quoting *Waters v. Ferrara Candy Co.*, 873 F.3d 633, 636 (8th Cir. 2017) (per curiam); and then quoting *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1063 (11th Cir. 2010)).

25. When a state-court petition seeks an unspecified amount of damages, the court may

consider, among other things, the plaintiff's "allegations of serious injuries in the pleadings." *Branch v. Wheaton Van Lines, Inc.*, No. 4:14-CV-01735-AGF, 2014 WL 6461372, at *2 (E.D. Mo. Nov. 17, 2014) (quoting *Jackson v. Fitness Res. Grp., Inc.*, No. 4:12-CV-986 DDN, 2012 WL 2873668, at *2 (E.D. Mo. July 12, 2012)).

26. BioLife denies Plaintiff's allegations, denies that it is liable to Plaintiff, and denies that Plaintiff is entitled to any recovery. But the amount-in-controversy inquiry concerns what Plaintiff's claim places in controversy, not what Plaintiff will ultimately recover, and BioLife's defenses do not reduce the amount in controversy. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 292 (1938) (explaining that "the fact that it appears from the face of the complaint that the defendant has a valid defense, if asserted, to all or a portion of the claim . . . will not justify remand"); *Kopp*, 280 F.3d at 885 (quoting *Zunamon v. Brown*, 418 F.2d 883, 887 (8th Cir. 1969)) (stating that jurisdiction "is measured by the amount properly pleaded or as of the time of the suit, not by the end result").

27. Here, the Amended Petition's allegations place more than $75,000 in controversy. Without conceding liability or the validity or value of any of Plaintiff's allegations, the Amended Petition, on its face, seeks compensatory damages for the following alleged injuries and losses:

- a fall in which Plaintiff struck her head on her truck and landed on her left shoulder, after which she lay on the ground for "a few minutes" before she could get to a standing position;
- a concussion;
- a "left shoulder and neck injury";
- "severe physical pain and mental anguish";
- continuing "pain and complications from her injuries" from the alleged February 9,

2022, incident through the present—a period of more than four years;

- injuries that Plaintiff alleges are "permanent, disabling, and progressive," and from which she alleges she "will continue to suffer . . . into the future"; and
- "such sums as are reasonable and necessary to compensate her for all the above injuries, physical pain and suffering." *See* Am. Pet. ¶¶ 4, 7–8; *id*. at 3–4 (second ¶¶ 11–12); *id*. at 4.

28. The Eighth Circuit has emphasized that unliquidated damages need not be proven "in some specific amount" before trial, and that the jurisdictional amount is lacking only if "no reasonable jury could award damages totaling more than $75,000 in the circumstances that the case presents." *Kopp*, 280 F.3d at 885. "If access to federal district courts is to be further limited it should be done by statute and not by court decisions that permit a district court judge to prejudge the monetary value of an unliquidated claim." *Id*. (quoting *Zunamon*, 418 F.2d at 887).

29. Applying these principles, this Court has held that allegations of head, neck, and back injuries, present and future medical expenses, and "permanent, progressive, and disabling injuries" impairing the plaintiffs' ability to work, labor, and enjoy life showed that it did "not appear to a legal certainty that the controversy between the parties is for less than the jurisdictional amount." *Quinn v. Kimble*, 228 F. Supp. 2d 1036, 1037–38 (E.D. Mo. Sept. 10, 2002) ("*Quinn I*").

30. These allegations describe a traumatic head strike resulting in a concussion, neck and shoulder injuries, severe pain and mental anguish, and complications that have persisted for more than four years and that Plaintiff characterizes as "permanent, disabling, and progressive." Am. Pet. ¶¶ 4, 7; *id*. at 3–4 (second ¶¶ 11–12). She seeks compensation for past and future pain, suffering, and mental anguish without any limitation on the amount. *Id*. at 4. These are not short-

term, minor ailments; they are injuries that Plaintiff herself alleges are permanent, disabling, and progressive.

31. When Plaintiff's claim is measured by a reasonable reading of the value of the rights being litigated, rather than by the low end of an open-ended claim, and when these specific factual allegations are considered together with reasonable deductions, inferences, and extrapolations, a fact finder might legally conclude that the damages Plaintiff claims exceed $75,000, exclusive of interest and costs. *See Turntine*, 959 F.3d at 880–81; *Kopp*, 280 F.3d at 885; *Bell*, 557 F.3d at 959.

32. This Court adhered to that conclusion when the *Quinn* plaintiffs renewed their motion to remand, even after they submitted a post-removal affidavit valuing their damages well below the jurisdictional threshold. *Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1039–41 (E.D. Mo. Sept. 24, 2002) ("*Quinn II*") (denying renewed motion to remand where plaintiffs alleged head, neck, and back injuries, past and future medical expenses, and "permanent, progressive, and disabling injuries," because "a fact finder might conclude that the damages of each plaintiff exceeds the jurisdictional amount"). Other courts have reached the same conclusion on materially similar allegations. *See Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 314 (5th Cir. 2022) (applying "[c]ommon sense" to conclude that it was "facially apparent" from allegations of serious personal injuries, including physical pain and mental anguish, that the claims were likely to exceed $75,000); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 430 (7th Cir. 1997) (relying in part on the plaintiff's allegation of "a laundry list of serious and disabling injuries" to sustain removal).

33. Nothing in the Amended Petition limits Plaintiff's recovery to $75,000 or less, and Plaintiff did not file with her pleading a binding stipulation or affidavit limiting her recovery. *See*

*Bell*, 557 F.3d at 958. BioLife's showing does not depend on Plaintiff's request for pre- and post-judgment interest or costs, which are excluded from the amount in controversy. 28 U.S.C. § 1332(a). Nor does BioLife rely on punitive damages, which the Amended Petition does not seek.

34. Moreover, any post-removal attempt by Plaintiff to cap her damages would not defeat jurisdiction. Jurisdiction is determined on the record at the time of removal, and "it is too late" after removal for a plaintiff to foreclose federal jurisdiction by agreeing to accept less than the jurisdictional amount. *See St. Paul Mercury*, 303 U.S. at 292–93; *Hollenbeck v. Outboard Marine Corp.*, 201 F. Supp. 2d 990, 993 (E.D. Mo. 2001) ("The plaintiff cannot, after removal, deprive the district court of jurisdiction by stipulation, affidavit or by amendment of his pleadings."); *Chase*, 110 F.3d at 429–30 ("Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant." (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (per curiam))).

35. Missouri's rules expressly permitted Plaintiff to state a dollar amount "to determine the proper jurisdictional authority," and she chose not to do so. Mo. Sup. Ct. R. 55.05. Instead, she pleaded permanent, disabling, and progressive injuries and sought unlimited compensation for them, so a later stipulation capping her recovery would amend, rather than clarify, her pleading. *See* Am. Pet. at 3–4 (second ¶¶ 11–12); *id.* at 4; *cf. Jackson*, 2012 WL 2873668, at *5 (recognizing that a post-removal affidavit may operate as an amendment rather than a clarification).

36. Accordingly, the amount in controversy exceeds $75,000, exclusive of interest and costs, and the amount-in-controversy requirement is satisfied. 28 U.S.C. § 1332(a).

**C. The Forum-Defendant Rule Does Not Prohibit Removal.**

37. "A civil action otherwise removable solely on the basis of the jurisdiction under

section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This action was brought in Missouri. BioLife, the only defendant, is not a citizen of Missouri. The forum-defendant rule therefore is not implicated, notwithstanding the Amended Petition's erroneous allegation that BioLife is a "Missouri corporation."

## IV. VENUE AND INTRADISTRICT ASSIGNMENT ARE PROPER.

38. A notice of removal is filed "in the district court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a); *see also* 28 U.S.C. § 1441(a). The State Court Action is pending in the Circuit Court of St. Charles County, Missouri, and St. Charles County lies within the Eastern Division of the Eastern District of Missouri. 28 U.S.C. § 105(a)(1). Venue in this Court is therefore proper for purposes of removal. BioLife does not concede that venue is proper for any other purpose and reserves the right to seek transfer.

## V. THE UNANIMITY REQUIREMENT IS SATISFIED.

39. "[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). BioLife is the only defendant named in the Amended Petition, and the defendant misnamed in the Original Petition is BioLife itself rather than a separate party. The unanimity requirement is therefore satisfied.

## VI. PROCEDURAL REQUIREMENTS ARE SATISFIED.

40. In accordance with 28 U.S.C. § 1446(a) and Local Rule 2.03, BioLife is filing with this Notice of Removal: (a) a copy of all process, pleadings, orders, and other documents on file in the State Court Action, including the state court's docket sheet, attached as Exhibit A; (b) the required filing fee; (c) a completed Civil Cover Sheet and Original Filing Form; and (d) a Disclosure Statement identifying the name and citizenship of every individual and entity whose

citizenship is attributed to BioLife. 28 U.S.C. § 1446(a); Fed. R. Civ. P. 7.1(a)(2), (b)(1); E.D. Mo. L.R. 2.02(A), 2.03, 2.09(A). BioLife will also file proof of filing this Notice of Removal with the Clerk of the state court and proof of service on Plaintiff. E.D. Mo. L.R. 2.03.

41. Promptly after filing this Notice of Removal, BioLife will give written notice of the removal to Plaintiff through her counsel of record and will file a copy of this Notice of Removal with the Clerk of the Circuit Court of St. Charles County, Missouri, "which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

42. BioLife reserves the right to amend or supplement this Notice of Removal. *See Synergetics, Inc. v. Hurst*, 333 F. Supp. 2d 841, 843 (E.D. Mo. 2004) (granting leave to file an amended notice of removal that "simply provides additional details and exhibits concerning the amount in controversy"). If any question arises as to the propriety of removal, BioLife respectfully requests the opportunity to submit additional evidence and briefing, and to conduct jurisdictional discovery, in support of removal.

## VII. CONCLUSION

WHEREFORE, Defendant BioLife Plasma Services, L.P. hereby gives notice that the action captioned *Pamela Hammack v. BioLife Plasma Services, L.P.*, Case No. 2611-CC00773, pending in the Circuit Court of St. Charles County, Missouri, Eleventh Judicial Circuit, is removed to the United States District Court for the Eastern District of Missouri, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated: October 19, 2026

By: */s/ Ijeoma (EJ) Odigwe*

Ijeoma (EJ) Odigwe (MO Bar No. 72950)
SNELL & WILMER L.L.P.
One East Washington Street
Suite 2700
Phoenix, Arizona 85004-2556
Telephone: 602.382.6000
Facsimile: 602.382.6070
eodigwe@swlaw.com

*Attorney for Defendant*
*BioLife Plasma Services, L.P.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 19, 2026, I electronically filed the foregoing Notice of Removal with the Clerk of the Court for the United States District Court for the Eastern District of Missouri using the CM/ECF system, and caused a true and correct copy of the same to be served via electronic mail and U.S. Mail upon counsel for Plaintiff.

*/s/ Ijeoma (EJ) Odigwe*
Ijeoma (EJ) Odigwe (MO Bar No. 72950)
***Attorney for Defendant***
***BioLife Plasma Services, L.P.***

United States District Court for the Eastern District of Missouri (Eastern Division)

*Pamela Hammack v. BioLife Plasma Services, L.P.*

Case No. ____________________

# EXHIBIT A

## To Defendant BioLife Plasma Services, L.P.'s Notice of Removal

The information available on Case.net is provided as a service and is not considered an official court record.


Case.net:2611-CC00773 - PAMELA HAMMACK VS. BIOLIFE PLASMA SERVICES, LLC (E-CASE) - Docket Entries

**Sort by date:** Descending Ascending **Display options:** All Entries

**09/29/2026**

**Amended Motion/Petition Filed**

Plaintiffs First Amended Petition.

**Filed By:** CANDICE ROSE BURKE

**On Behalf Of:** PAMELA HAMMACK

**09/25/2026**

**Corporation Served**

Document ID - 26-SMCC-2602; Served To - BIOLIFE PLASMA SERVICES, LLC; Served Date - 09/18/2026; Served Time - 08:00:00; Service Type - SD; Reason Description - SERV; Service Text -

**09/14/2026**

**Alias Summons Issued**

Document ID: 26-SMCC-2602, for BIOLIFE PLASMA SERVICES, LLC SUMMONS SAVED AND ATTACHED IN PDF FORM FOR ATTORNEY TO RETRIEVE FROM SECURE CASE.NET.

**Note to Clerk eFiling**

**Filed By:** CANDICE ROSE BURKE

**Alias Summons Requested**

Request for updated Alias Summons.

**Filed By:** CANDICE ROSE BURKE

**On Behalf Of:** PAMELA HAMMACK

**09/01/2026**

**Note to Clerk eFiling**

**Filed By:** CANDICE ROSE BURKE

**Correspondence Filed**

Correspondence from Cole County Sheriffs Department re non-est service of Summons.

**Filed By:** CANDICE ROSE BURKE

**On Behalf Of:** PAMELA HAMMACK

**Judge/Clerk - Note**

PREVIOUS SUMMONS WAS NEVER RETURNED.

**Alias Summons Issued**

***DO NOT USE***Document ID: 26-SMCC-2459, for BIOLIFE PLASMA SERVICES, LLC SUMMONS SAVED AND ATTACHED IN PDF FORM FOR ATTORNEY TO RETRIEVE FROM SECURE CASE.NET.

**08/31/2026**

**Alias Summons Requested**

Request for Issuance of Alias Summons.

**Filed By:** CANDICE ROSE BURKE

**On Behalf Of:** PAMELA HAMMACK

**07/15/2026**

**Summons Issued-Circuit**

Document ID: 26-SMCC-1987, for BIOLIFE PLASMA SERVICES, LLC SUMMONS SAVED AND ATTACHED IN PDF FORM FOR ATTORNEY TO RETRIEVE FROM SECURE CASE.NET.

**Note to Clerk eFiling**

**Filed By:** CANDICE ROSE BURKE

**Summ Req-Circuit Pers Serv**

Request for Issuance of Summons.

**Filed By:** CANDICE ROSE BURKE

**On Behalf Of:** PAMELA HAMMACK

**06/04/2026**

**Filing Info Sheet eFiling**

**Filed By:** CANDICE ROSE BURKE

**Pet Filed in Circuit Ct**

Petition for Damages.

**Filed By:** CANDICE ROSE BURKE

**On Behalf Of:** PAMELA HAMMACK

Electronically Filed - St Charles Circuit Div - June 04, 2026 - 09:00 AM

IN THE ELEVENTH JUDICIAL CIRCUIT, STATE OF MISSOURI
CIRCUIT JUDGE DIVISION

PAMELA HAMMACK, )
)
Plaintiff, )
) Case No.:
vs. )
)
BIOLIFE PLASMA SERVICES, LLC )
**Serve Registered Agent:** ) **REQUEST FOR JURY TRIAL**
CSC-Lawyers Incorporating )
Service Company )
221 Bolivar Street )
Jefferson City, MO 65101 )
)
Defendant. )

**PETITION**

COMES NOW plaintiff, by and through counsel Coyne, Cundiff & Hilleman, P.C., and brings this Petition for her cause of action against defendant BioLife Plasma Services, LLC. In support, plaintiff states and alleges as follow:

**PARTIES**

1. At all times relevant to this petition, plaintiff Pamela Hammack (hereinafter "Pamela") was a resident of Warrenton, Missouri.

2. At all times relevant to this petition, defendant BioLife Plasma Services, LLC (hereinafter "BioLife") was a Missouri corporation with its principal place of business located at 8484 Mexico Road, St. Peters, Missouri 63376.

**JURISDICTION AND VENUE**

3. Jurisdiction and venue are proper in this court pursuant to RSMo § 508.010.4, as the acts and omissions that caused Pamela's injuries occurred in St. Peters, Missouri, in St. Charles County.

Electronically Filed - St Charles Circuit Div - June 04, 2026 - 09:00 AM

## GENERAL ALLEGATIONS

4. On February 9, 2022, Pamela had an appointment at BioLife.

5. There was previously a snow event in St. Charles County and the parking lot was plowed.

6. As Pamela began to exit her vehicle, she noted a pile of snow just outside of her truck door.

7. As Pamela tried to step over the snow to the pavement, her right foot made contact with ice that had accumulated on the parking lot from melting snow.

7. As her foot slid on the ice, she fell, striking her head on her truck and landing on her left shoulder.

8. After laying on the ground for a few minutes, Pamela was able to roll to all fours and get to a standing position. She went into BioLife and reported the injury.

## COUNT I
## NEGLIGENCE AND PREMISES LIABILITY

COMES NOW plaintiff, and for Count I of this cause of action against Defendant BioLife, and states and alleges as follow:

9. Plaintiff realleges and restates all preceding paragraphs set forth above and incorporates each of said paragraphs herein by reference.

10. At all times relevant, defendant BioLife owed a duty to its invitees to exercise ordinary care in ensuring its premises, including its parking lot, was safe for said invitees to walk through and traverse.

11. It was foreseeable to defendant BioLife that failing to remove ice from its parking lot created a risk to its invitees that they would slip, fall, and sustain injuries.

Electronically Filed - St Charles Circuit Div - June 04, 2026 - 09:00 AM

12. Defendant BioLife breached its duty to exercise ordinary care and was negligent in each of the following ways individually, in combination, or in the alternative:

a. In creating a dangerous condition by failing to remove ice from its parking lot;

b. In failing to salt the lot after snow and ice had accumulated on the parking lot;

c. In failing to warn its invitees that the parking lot was slick and/or had iced;

d. In failing to barricade off the iced areas of the parking lot;

e. In failing to inspect the parking lot for ice;

f. In failing to keep reasonably safe an area that was used for ingress and egress to the facility;

g. In failing to ensure the parking lot was free of hazards;

h. In allowing snow and ice to freeze without providing additional treatment to the iced areas; and

i. In all other ways found through discovery.

10. Defendant BioLife knew or should have known that through its negligence there was a high degree of probability that its acts and omissions would result in injury.

11. As a direct and proximate result of BioLife's negligence, Pamela suffered a concussion, left shoulder and neck injury, has suffered severe physical pain and mental anguish and continues to suffer pain and complications from her injuries.

12. Pamela has suffered all of the above injuries, continues to suffer from the injuries, and will continue to suffer from said injuries into the future, said injuries being permanent, disabling, and progressive.

Electronically Filed - St Charles Circuit Div - June 04, 2026 - 09:00 AM

WHEREFORE, plaintiff Pamela Hammack prays for judgment against defendant BioLife for such sums as are reasonable and necessary to compensate her for all the above injuries, physical pain and suffering, for pre and post judgment interest, for the costs incurred herein, and for such other and further relief as the Court deems just and proper under the circumstances.

**JURY TRIAL DEMAND**

Plaintiff Pamela Hammack hereby demands a jury trial for this matter.

Respectfully submitted,

COYNE, CUNDIFF, & HILLEMANN, P.C.

/s/ *Candice R. Burke*
Candice R. Burke #63738
11230 Veterans Memorial Parkway
Lake Saint Louis, Missouri 63367
(636) 561-5599 Phone
(636) 561-0040 Fax
cburke@cch-lawyer.com
*Attorney for Plaintiff*

Not an Official Court Document

Electronically Filed - ST CHARLES CIRCUIT DIV - July 15, 2026 - 10:13 AM

IN THE ELEVENTH JUDICIAL CIRCUIT, STATE OF MISSOURI
CIRCUIT JUDGE DIVISION

PAMELA HAMMACK, )
)
Plaintiff, )
) Case No.: 2611-CC00773
vs. )
)
BIOLIFE PLASMA SERVICES, LLC )
**Serve Registered Agent:** ) **REQUEST FOR JURY TRIAL**
CSC-Lawyers Incorporating )
Service Company )
221 Bolivar Street )
Jefferson City, MO 65101 )
)
Defendant. )

**REQUEST FOR ISSUANCE OF SUMMONS**

COMES NOW plaintiff, by and through counsel Coyne, Cundiff & Hilleman, P.C., and hereby request this Court issue Summons for Defendant as follows:

CSC-Lawyers Incorporating
Service Company
221 Bolivar Street
Jefferson City, MO 65101

Respectfully submitted,

COYNE, CUNDIFF, & HILLEMANN, P.C.

/s/ *Candice R. Burke*
Candice R. Burke #63738
11230 Veterans Memorial Parkway
Lake Saint Louis, Missouri 63367
(636) 561-5599 Phone
(636) 561-0040 Fax
cburke@cch-lawyer.com
*Attorney for Plaintiff*

Not an Official Court Document

# Summons in Civil Case

IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

Not an Official Court Document

| | |
|---|---|
| Judge or Division:<br>BRITTNEY R SMITH | **Case Number: 2611-CC00773** |
| Plaintiff/Petitioner:<br>PAMELA HAMMACK<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CANDICE ROSE BURKE<br>COYNE, CUNFIFF, & HILLMANN PC<br>11230 VETERANS MEMORIAL PKWY<br>LAKE SAINT LOUIS, MO 63367 |
| Defendant/Respondent:<br>BIOLIFE PLASMA SERVICES, LLC | Court Address:<br>300 N 2ND STREET<br>SAINT CHARLES, MO 63301 |
| Nature of Suit:<br>CC Pers Injury-Other | |

(Date File Stamp for Return)

**The State of Missouri to: BIOLIFE PLASMA SERVICES, LLC**
**Alias:**
**RA CSC-LAWYERS INC. SERVICE CO**
**221 BOLIVAR ST.**
**JEFFERSON CITY, MO 65101**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***ST. CHARLES COUNTY***

| | |
|---|---|
| 15-JUL-2026 | /S/ CHERYL CROWDER |
| Date | Clerk |

**Further Information:**


Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

______________________ (name) ______________________ (title).

☐ other: ______________________.

Served at ______________________ (address)

in ______________________ (County/City of St. Louis), MO, on ______________________ (date)

at ______________ (time).

______________________ ______________________

Printed Name of Officer or Server Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**

Subscribed and sworn to before me on ______________________ (date).

*(Seal)*

My commission expires: ______________ ______________________

Date Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Not an Official Court Document

Electronically Filed - ST CHARLES CIRCUIT DIV - August 31, 2026 - 12:36 PM

IN THE ELEVENTH JUDICIAL CIRCUIT, STATE OF MISSOURI
CIRCUIT JUDGE DIVISION

PAMELA HAMMACK, )
)
Plaintiff, )
) Case No.: 2611-CC00773
vs. )
)
BIOLIFE PLASMA SERVICES, LLC )
**Serve Registered Agent:** ) **REQUEST FOR JURY TRIAL**
CSC-Lawyers Incorporating )
Service Company )
221 Bolivar Street )
Jefferson City, MO 65101 )
)
Defendant. )

Not an Official Court Document

**REQUEST FOR ISSUANCE OF ALIAS SUMMONS**

COMES NOW plaintiff, by and through counsel Coyne, Cundiff & Hilleman, P.C., and hereby request this Court issue an Alias Summons for Defendant as follows:

CSC-Lawyers Incorporating
Service Company
221 Bolivar Street
Jefferson City, MO 65101

Respectfully submitted,

COYNE, CUNDIFF, & HILLEMANN, P.C.

*/s/ Candice R. Burke*
Candice R. Burke #63738
11230 Veterans Memorial Parkway
Lake Saint Louis, Missouri 63367
(636) 561-5599 Phone
(636) 561-0040 Fax
cburke@cch-lawyer.com
*Attorney for Plaintiff*

# Summons in Civil Case

IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>BRITTNEY R SMITH | **Case Number: 2611-CC00773** | |
| Plaintiff/Petitioner:<br>PAMELA HAMMACK<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CANDICE ROSE BURKE<br>COYNE, CUNFIFF, & HILLMANN PC<br>11230 VETERANS MEMORIAL PKWY<br>LAKE SAINT LOUIS, MO 63367 | |
| Defendant/Respondent:<br>BIOLIFE PLASMA SERVICES, LLC | Court Address:<br>300 N 2ND STREET<br>SAINT CHARLES, MO 63301 | |
| Nature of Suit:<br>CC Pers Injury-Other | | (Date File Stamp for Return) |

**The State of Missouri to:** **BIOLIFE PLASMA SERVICES, LLC**

**Alias:**

**RA CSC-LAWYERS INC. SERVICE CO**
**221 BOLIVAR ST.**
**JEFFERSON CITY, MO 65101**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***ST. CHARLES COUNTY***

| | |
|---|---|
| 01-SEP-2026 | /S/ CHERYL CROWDER |
| Date | Clerk |

**Further Information:**

Not an Official Court Document

 Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

______________________________ (name) ______________________ (title).

☐ other: ______________________________________________.

Served at ______________________________________________ (address)

in ______________________ (County/City of St. Louis), MO, on ______________ (date)

at __________ (time).

______________________________ ______________________________

Printed Name of Officer or Server Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**

Subscribed and sworn to before me on ____________________ (date).

*(Seal)*

My commission expires: ______________ ______________________

Date Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Not an Official Court Document

Electronically Filed - ST CHARLES CIRCUIT DIV - September 01, 2026 - 10:22 AM

Office of the Sheriff
John P. Wheeler
Sheriff
www.colecountysheriff.org
P. O. Box 426
Jefferson City, Mo. 65102-0426
Civil Phone 573-634-9163
Civil Fax 573-635-0069

*Serving Cole County since 1821 with Integrity Fairness and Professionalism*

Not an Official Court Document

To: CANDICE ROSE BURKE COYNE CUNFIFF & HILLMANN PC

Case number: 2611-CC00773

Your document was received at the Cole County Sheriff's Department on 08/24/2026 and is being returned to you **NOT SERVED** for the following reason(s):

☒ Document was received with insufficient time for service. Summons expire 30 days from date of issue and/or must be served 10 days prior to the court date. Also enclosed check # 54617

☐ Document was received after the court date. Please remit with a new court date. Also enclosed check # ______

☐ Payment of service fees required prior to service. Please remit your papers with a check or money order made payable to Sheriff of Cole County in the amount of $ ______

☐ Per RSMo 57.280 fee is now $______ our updated fees can be found on our website www.colecounty.org. Also enclosed check # ______

☐ Service address is **NOT** in Cole County. Also enclosed check # ______

☐ Document must have signature and seal of the court. Also enclosed check # ______

☐ Name of registered agent and service address must be on document. Also enclosed check # ______

☐ A physical address must be on the document for proper service. Also enclosed check # ______

☐ Other: ______

☒ Not an official court document. Also enclosed check # 54617

Thank you,
John P. Wheeler, Sheriff
Cole County, Missouri

By: *Jennie Pfenenger*

Electronically Filed - ST CHARLES CIRCUIT DIV - September 14, 2026 - 09:27 AM

IN THE ELEVENTH JUDICIAL CIRCUIT, STATE OF MISSOURI
CIRCUIT JUDGE DIVISION

PAMELA HAMMACK,

Plaintiff,

vs.

BIOLIFE PLASMA SERVICES, LLC
**Serve Registered Agent:**
CSC-Lawyers Incorporating
Service Company
221 Bolivar Street
Jefferson City, MO 65101

Defendant.

Case No.: 2611-CC00773

**REQUEST FOR JURY TRIAL**

**<u>REQUEST FOR ISSUANCE OF ALIAS SUMMONS</u>**

COMES NOW plaintiff, by and through counsel Coyne, Cundiff & Hilleman, P.C., and hereby request this Court issue an Alias Summons for Defendant as follows:

CSC-Lawyers Incorporating Service Company
221 Bolivar Street
Jefferson City, MO 65101

The summons previously issued was returned by the Sheriff's office and only 15 days remain before the current Summons expires.

Respectfully submitted,

COYNE, CUNDIFF, & HILLEMANN, P.C.

/s/ *Candice R. Burke*
Candice R. Burke #63738
11230 Veterans Memorial Parkway
Lake Saint Louis, Missouri 63367
(636) 561-5599 Phone
(636) 561-0040 Fax
cburke@cch-lawyer.com
*Attorney for Plaintiff*



Not an Official Court Document

# Summons in Civil Case

IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>BRITTNEY R SMITH | **Case Number: 2611-CC00773** | |
| Plaintiff/Petitioner:<br>PAMELA HAMMACK<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CANDICE ROSE BURKE<br>COYNE, CUNFIFF, & HILLMANN PC<br>11230 VETERANS MEMORIAL PKWY<br>LAKE SAINT LOUIS, MO 63367 | |
| Defendant/Respondent:<br>BIOLIFE PLASMA SERVICES, LLC | Court Address:<br>300 N 2ND STREET<br>SAINT CHARLES, MO 63301 | |
| Nature of Suit:<br>CC Pers Injury-Other | | (Date File Stamp for Return) |

**The State of Missouri to:** **BIOLIFE PLASMA SERVICES, LLC**
**Alias:**
**RA CSC-LAWYERS INC. SERVICE CO**
**221 BOLIVAR ST.**
**JEFFERSON CITY, MO 65101**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***ST. CHARLES COUNTY***

| | |
|---|---|
| 14-SEP-2026 | /S/ CHERYL CROWDER |
| Date | Clerk |

**Further Information:**

Not an Official Court Document



Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

__________________________________ (name) ______________________ (title).

☐ other: ____________________________________________________________.

Served at __________________________________________________ (address)

in _________________________ (County/City of St. Louis), MO, on _______________ (date)

at ___________ (time).

_________________________________ _________________________________

Printed Name of Officer or Server Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**

Subscribed and sworn to before me on ______________________ (date).

*(Seal)*

My commission expires: ______________ ______________________

Date Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



Not an Official Court Document

# Summons in Civil Case

IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

RECEIVED
SEP 17 2026
COLE COUNTY
SHERIFF'S OFFICE

| | | |
|---|---|---|
| Judge or Division:<br>BRITTNEY R SMITH | Case Number: 2611-CC00773 | |
| Plaintiff/Petitioner:<br>PAMELA HAMMACK<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CANDICE ROSE BURKE<br>COYNE, CUNFIFF, & HILLMANN PC<br>11230 VETERANS MEMORIAL PKWY<br>LAKE SAINT LOUIS, MO 63367 | |
| Defendant/Respondent:<br>BIOLIFE PLASMA SERVICES, LLC | Court Address:<br>300 N 2ND STREET<br>SAINT CHARLES, MO 63301 | |
| Nature of Suit:<br>CC Pers Injury-Other | | (Date File Stamp for Return) |

**The State of Missouri to:** **BIOLIFE PLASMA SERVICES, LLC**
**Alias:**
**RA CSC-LAWYERS INC. SERVICE CO**
**221 BOLIVAR ST.**
**JEFFERSON CITY, MO 65101**

FILED
SEP 25 2026
CIRCUIT CLERK
ST. CHARLES COUNTY

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***ST. CHARLES COUNTY***

| 14-SEP-2026 | /S/ CHERYL CROWDER |
|---|---|
| Date | Clerk |

**Further Information:**

REC'D
2ND FL

RECEIVED
SEP 25 2026
ST. CHARLES COUNTY
CIRCUIT CLERK

Not an Official Court Document


Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

54617 $50.00

**Case Number: 2611-CC00773**

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________, a person at least 18 years of age residing therein.

☒ (for service on a corporation) delivering a copy of the summons and petition to:
CSC Lawyers c/o L. Shipley (name) designee (title).

☐ other: ______________________.

Served at 350 E. High St. (address)
in Cole (County/City of St. Louis), MO, on 9-18-26 (date)
at 800 Am (time).

Sheriff John P. Wheeler by ______ Signature of Officer or Server
Printed Name of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on ______________________ (date).

*(Seal)*

My commission expires: ______________________
Date Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Not an Official Court Document

Electronically Filed - ST CHARLES CIRCUIT DIV - September 29, 2026 - 07:42 AM

IN THE ELEVENTH JUDICIAL CIRCUIT, STATE OF MISSOURI
CIRCUIT JUDGE DIVISION

PAMELA HAMMACK, )
)
Plaintiff, )
) Case No.: 2611-CC00773
vs. )
)
BIOLIFE PLASMA SERVICES, L.P. )
**Serve Registered Agent:** ) **REQUEST FOR JURY TRIAL**
CSC-Lawyers Incorporating )
Service Company )
221 Bolivar Street )
Jefferson City, MO 65101 )
)
Defendant. )

Not an Official Court Document

## FIRST AMENDED PETITION

COMES NOW plaintiff, by and through counsel Coyne, Cundiff & Hilleman, P.C., and brings this Petition for her cause of action against defendant BioLife Plasma Services, L.P. In support, plaintiff states and alleges as follow:

### PARTIES

1. At all times relevant to this petition, plaintiff Pamela Hammack (hereinafter "Pamela") was a resident of Warrenton, Missouri.

2. At all times relevant to this petition, defendant BioLife Plasma Services, L.P. (hereinafter "BioLife") was a Missouri corporation with its principal place of business located at 8484 Mexico Road, St. Peters, Missouri 63376.

### JURISDICTION AND VENUE

3. Jurisdiction and venue are proper in this court pursuant to RSMo § 508.010.4, as the acts and omissions that caused Pamela's injuries occurred in St. Peters, Missouri, in St. Charles County.

Electronically Filed - ST CHARLES CIRCUIT DIV - September 29, 2026 - 07:42 AM

## GENERAL ALLEGATIONS

4. On February 9, 2022, Pamela had an appointment at BioLife.

5. There was previously a snow event in St. Charles County and the parking lot was plowed.

6. As Pamela began to exit her vehicle, she noted a pile of snow just outside of her truck door.

7. As Pamela tried to step over the snow to the pavement, her right foot made contact with ice that had accumulated on the parking lot from melting snow.

7. As her foot slid on the ice, she fell, striking her head on her truck and landing on her left shoulder.

8. After laying on the ground for a few minutes, Pamela was able to roll to all fours and get to a standing position. She went into BioLife and reported the injury.

## COUNT I
## NEGLIGENCE AND PREMISES LIABILITY

COMES NOW plaintiff, and for Count I of this cause of action against Defendant BioLife, and states and alleges as follow:

9. Plaintiff realleges and restates all preceding paragraphs set forth above and incorporates each of said paragraphs herein by reference.

10. At all times relevant, defendant BioLife owed a duty to its invitees to exercise ordinary care in ensuring its premises, including its parking lot, was safe for said invitees to walk through and traverse.

11. It was foreseeable to defendant BioLife that failing to remove ice from its parking lot created a risk to its invitees that they would slip, fall, and sustain injuries.

Electronically Filed - ST CHARLES CIRCUIT DIV - September 29, 2026 - 07:42 AM

12. Defendant BioLife breached its duty to exercise ordinary care and was negligent in each of the following ways individually, in combination, or in the alternative:

a. In creating a dangerous condition by failing to remove ice from its parking lot;

b. In failing to salt the lot after snow and ice had accumulated on the parking lot;

c. In failing to warn its invitees that the parking lot was slick and/or had iced;

d. In failing to barricade off the iced areas of the parking lot;

e. In failing to inspect the parking lot for ice;

f. In failing to keep reasonably safe an area that was used for ingress and egress to the facility;

g. In failing to ensure the parking lot was free of hazards;

h. In allowing snow and ice to freeze without providing additional treatment to the iced areas; and

i. In all other ways found through discovery.

10. Defendant BioLife knew or should have known that through its negligence there was a high degree of probability that its acts and omissions would result in injury.

11. As a direct and proximate result of BioLife's negligence, Pamela suffered a concussion, left shoulder and neck injury, has suffered severe physical pain and mental anguish and continues to suffer pain and complications from her injuries.

12. Pamela has suffered all of the above injuries, continues to suffer from the injuries, and will continue to suffer from said injuries into the future, said injuries being permanent, disabling, and progressive.

Electronically Filed - ST CHARLES CIRCUIT DIV - September 29, 2026 - 07:42 AM

WHEREFORE, plaintiff Pamela Hammack prays for judgment against defendant BioLife for such sums as are reasonable and necessary to compensate her for all the above injuries, physical pain and suffering, for pre and post judgment interest, for the costs incurred herein, and for such other and further relief as the Court deems just and proper under the circumstances.

**JURY TRIAL DEMAND**

Plaintiff Pamela Hammack hereby demands a jury trial for this matter.

Respectfully submitted,

COYNE, CUNDIFF, & HILLEMANN, P.C.

*/s/ Candice R. Burke*
Candice R. Burke #63738
11230 Veterans Memorial Parkway
Lake Saint Louis, Missouri 63367
(636) 561-5599 Phone
(636) 561-0040 Fax
cburke@cch-lawyer.com
*Attorney for Plaintiff*

Not an Official Court Document